In the Matter of the Final Judicial Settlement of the Accounts of CHARLES A. BROWN, as Administrator, etc., of ANTONIO PAOLILLO, Deceased. In the Matter of the Claims of SARAH SPIZZANO, MARGUERITE PISANO, JOSEPH PISANO and LORETTA SPIZZANO, Respondents, against the Estate of ANTONIO PAULELLO (ANTONIO PAOLILLO), Deceased. CHARLES A. BROWN, as Administrator, etc. Appellant.— Decree so far as appealed from modified on the facts by reducing the claim of Sarah Spizzano as allowed to the sum of $2,374.25, and as modified, affirmed, without costs of this appeal to any party. Memorandum: There is lack of clear and convincing evidence that acknowledgment was made by decedent of the existence of a debt such as is required to take the case out of the operation of the Statute of Limitations.█ The amount of the claim should be reduced to an allowance on the basis of six years' service instead of eight. The allowance to Sarah Spizzano is, therefore, reduced to $2,339.25, plus the $35 for the cemetery lot and use of the house for the funeral, a total of $2,374.25. All concur, except Lewis, J., who dissents and votes for affirmance. (The portion of the decree appealed from allows a claim against the estate for board furnished decedent.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

ANNA CONNELL, Appellant, v. E. W. EDWARDS & SON, Respondent.— Judgment and order affirmed, with costs, on the ground that the evidence presented a question of fact for the jury and the verdict of the jury is not against the weight of the evidence. All concur. (The judgment is for defendant in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

BERNARD CONNELL, Appellant, v. E. W. EDWARDS & SON, Respondent.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

FRANCIS KEARNEY, Respondent, v. RAYMOND W. MAHER, Appellant.— Judgment affirmed, with costs. Memorandum: The judge of the Municipal Court set aside the verdict of two hundred and fifty dollars in this case on the ground of its inadequacy. A reading of the evidence convinces us that in so doing there was no abuse of discretion. All concur. (The judgment affirms an order of the Syracuse Municipal Court which set aside a verdict of a jury in favor of plaintiff and granted a new trial on the ground that the verdict was inadequate, in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

PEGGY STEWART, Respondent, v. LOBLAW GROCETERIAS, INC., Appellant.— Judgment affirmed, with costs. Memorandum: There is evidence to support findings that the floor had been recently oiled by defendant, that the spot on the floor where plaintiff fell was left with an excess of oil causing a slippery and dangerous condition, that no precaution was taken by defendant to mitigate the condition, and that plaintiff was free from contributory negligence. All concur, except Taylor, J., who dissents and votes for reversal on the law and the facts and dismissal of the complaint. (The judgment is for plaintiff in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Cunningham, JJ.